OPINION
{¶ 1} Defendant-appellant Thomas C. Streight ("Streight") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing him to a total of two years in prison.
 {¶ 2} On September 23, 2002, an unidentified caller contacted 911 and informed the dispatcher that a couple was fighting. While on the line, the caller informed the dispatcher that the man had run over the woman with his car. The police were immediately dispatched. Upon arrival, the police found the victim, Stephanie Cramer ("Cramer") lying on the ground injured. Witnesses indicated that Cramer and Streight had been cohabitating until August of 2002, and that they had been arguing when Streight went to leave. Cramer ran after him and Streight struck Cramer with the vehicle as he was attempting to back out of the driveway. Cramer was taken to a local hospital where she was treated for her injuries.
 {¶ 3} At that time, the police attempted to place Streight under arrest. Streight, who was intoxicated, became combative and began yelling at the officers that they were not taking him to jail. In order to place Streight into the cruiser, the officers had to cuff Streight's ankles as well as his hands. Once in the cruiser, Streight began kicking the cruiser window, breaking it away from the door frame. The damage to the cruiser was valued at $514.13.
 {¶ 4} On September 26, 2002, Streight was indicted on one count of felonious assault, a felony of the second degree, one count of aggravated vehicular assault, a felony of the fourth degree, one count of domestic violence, a misdemeanor of the first degree, one count of resisting arrest, a misdemeanor of the second degree, and one count of vandalism, a felony of the fifth degree. Streight entered a plea of not guilty on October 4, 2002. Pursuant to a plea agreement, Streight pled guilty to the aggravated vehicular assault charge and to the vandalism charge on November 12, 2002. The remaining charges were dismissed. The court ordered a pre-sentence investigation ("PSI") and sentencing was set for January 16, 2003. At the sentencing hearing, the trial court found Streight not amenable to community control and sentenced him to 18 months in prison on the assault charge and 6 months in prison on the vandalism charge. The sentences were ordered to be served consecutively. Streight was also ordered to pay restitution to the City of St. Mary's in the amount of $514.13 and to Cramer in the amount of $245. It is from this sentence that Streight appeals and raises the following assignments of error.
The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in [R.C. 2929.14] resulting in [Streight] receiving a sentence which is contrary to law.
The trial court's ordering that the sentences of [Streight] are to be served consecutively to each other was unsupported by the record and was contrary to law.
 {¶ 5} In the assignments of error, Streight claims that his sentence was contrary to law and unsupported by the record. This court notes that Streight received the maximum sentence permitted by law on the aggravated assault charge and the minimum prison sentence set forth for the vandalism charge. The sentencing requirements are set forth as follows.
[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
* * *
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
(C) Except as provided in division (G) of this section or in [R.C. 2925], the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes * * *.
* * *
[E](4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14. If the trial court makes a finding pursuant to R.C.2929.13(B)(1), finds that a prison term is appropriate after considering the factors set forth in R.C. 2929.12, and finds that the defendant is not amenable to community control sanctions, the trial court shall impose a prison term. R.C. 2929.13(B)(2).
(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, [the PSI].
(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances.
* * *
(c) If it imposes consecutive sentences under [R.C. 2929.14], its reasons for imposing consecutive sentences;
(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by [R.C. 2929.14(A)], its reasons for imposing the maximum prison term[.]
R.C. 2929.19.
 {¶ 6} In this case, the trial court reviewed the applicable factors set forth in R.C. 2929.12 and 2929.13 and made findings on the record. The trial court then determined that Streight was not amenable to community control sanctions because of his criminal history which showed that he had numerous violations of prior community control sanctions. Tr. 26. Based upon these findings, the trial court determined that a prison term was appropriate and necessary to adequately punish and rehabilitate Streight. Tr. 29. In addition, the trial court made the following statements.
The Court: * * * Court noting the lengthy history of the defendant and his ongoing alcoholism and ongoing violent behavior, sentences the Defendant in Count II, to EIGHTEEN (18) MONTHS in the Department of Rehabilitation and Corrections, finding that he imposes the greatest likelihood of re-offending, in addition to the previous findings. Court sentences the Defendant on the Vandalism charge, kicked out a windshield in a cruiser, sentence (sic) him to SIX (6) MONTHS. Court finds that the Defendant has demonstrated that he is a risk to others including and especially law enforcement officers who stop him and as well as this particular victim that he has had an obsession with for a significant period of time. That consecutive service is necessary to protect the public from future crime and necessary to adequately punish the Defendant, and that the seriousness of the offenses require (sic) CONSECUTIVE service.
Court believes that the danger posed to the public by the offender is great unless consecutive service is required. Court sentences the Defendant to the total then of the two (2) years under both Counts. * * *
* * *
In addition, the Court is to indicate it's (sic) reasons for it's (sic) sentence. The Defendant's PSI, I think, when reviewed in totality demonstrates the Defendant simply poses too great of a risk for people to get injured because of his repeated instances of violations of law that have placed persons at risk for injury or injured persons. And those include not only his driving record, but the alcohol record with the violence that he has demonstrated against women including his mother, including his partners. The Defendant is obviously, when sober, capable of being articulate, but his record indicates that he just poses too great of a risk of re-offending and re-offending under circumstances where somebody could get hurt, will get hurt. His rage, anger and misplaced, — or misdirected, I should say, misdirected anger; some poor cop stops and has nothing to do with his prior history, he's got nothing to do with his anger in the past, he takes things out on that person. This is something he's got to deal with. * * *
Tr. 28-30. The trial court made all of the required findings, which are supported by the record, and stated his reasons for the sentence on the record. Thus, there is no error in the sentence and the assignments of error are overruled.
Judgment affirmed.
SHAW and CUPP, JJ., concur.